IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GREGORY PASCHAL,** **PLAINTIFF**
**ADC #610385**

V.   CASE NO. 4:20-CV-126-KGB-BD

**ALVINESS PETTERSON JR.,** *et al*. **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Mr. Paschal may file objections if he disagrees with the findings or conclusions set out in the Recommendation. with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Paschal does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.   Discussion**

Plaintiff Gregory Paschal, an inmate at the Arkansas Division of Correction's (ADC) North Central Unit, filed this lawsuit without the help of a lawyer. He is proceeding *in forma pauperis*. (Doc. Nos. 2, 5) In his complaint, Mr. Paschal claims that Defendant Alviness Petterson, Jr. violated his rights by failing to protect him from an attack by a fellow inmate.

On May 4, 2020, service was returned unexecuted for Defendant Petterson by the ADC Compliance Division. (Doc. No. 7) On May 6, the Court gave Mr. Paschal 45 days to provide a valid service address for Defendant Petterson. (Doc. No. 8) On May 27, the Court ordered the ADC Compliance Division to provide Mr. Petterson's last-known address to the Court, under seal. (Doc. No. 10) On August 26, the Court directed the Clerk to serve Defendant Petterson at his last-known address. (Doc. No. 12) That summons was returned unexecuted. (Doc. No. 13) The Court then directed the Marshal to personally serve Mr. Petterson at the sealed address. (Doc. No. 14) On November 4, 2020, that summons was returned unexecuted, with a notation that Defendant Petterson "moved to Florida about a year ago." (Doc. No. 15)

Mr. Paschal has been unable to provide the Court with a current service address for Defendant Petterson even though he had over 300 days to find a valid address. FED. R. CIV. P. 4(m).

### III. Conclusion

The Court recommends that claims against Defendant Petterson be DISMISSED, without prejudice, based on Mr. Paschal's failure to serve this Defendant within the time allowed by the Rules of Civil Procedure.

DATED this 15th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE